IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN MARTZ, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:11-CV-830
:
SCI-COAL TWP. THERAPEUTIC : (Judge Munley)
COMMUNITY, et al., :
:
    Defendants :

## MEMORANDUM

### Background

Shawn Martz ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Service of the Complaint was previously ordered.

Named as Defendants are the Pennsylvania Department of Corrections (DOC); the Pennsylvania Board of Probation and Parole Board (Parole Board); SCI-Coal Twp.; and the prison's Sunrise Mountain T.C. Program;[1] and two SCI-Coal Twp. Officials, Grievance Officer Linda Chismar and Supervisor Mike Vivian of the Drug and Alcohol Treatment staff. Defendants have filed a motion (Doc. 11) to dismiss the Complaint which is ripe for consideration.

---

[1] According to Defendants, T.C. stands for therapeutic community and refers to an intensive drug and alcohol treatment program offered at SCI-Coal Twp. See Doc. 12, p. 1, n. 1.

1

In his Complaint, Plaintiff states that in order for him to obtain favorable parole consideration he must complete a substance abuse program known as T.C. The SCI-Coal Twp. T.C. program is supervised by Defendant Vivian. Martz claims that if he refuses to complete T.C., under Parole Board policy he will be required him to serve his maximum sentence. See Doc. 1, p. 3.

Plaintiff next contends that he declined to participate in the T.C. program which he was assigned to because it conflicted with his religious beliefs. According to Martz, his request for an alternate secular program to meet his prescriptive needs was denied in violation of his First Amendment rights as well as the terms of his criminal sentence.

According to the Complaint, Defendant Vivian has also enacted a policy that prisoners participating in T.C. are only provided with 2 hours of library time per week. Plaintiff's alleges that Vivian's policy violates his right of access to the courts. With respect to Grievance Officer Chismar, Martz alleges that said Defendant refused to take appropriate action following his submission of an institutional grievance regarding his pending claims. As relief, Plaintiff seeks compensatory and punitive damages.

**Discussion**

**Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting

Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct 1937, 1949 (2009). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Twombly, 550 U.S. at 556. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562.

A civil rights complaint should allege the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950, see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). It is additionally noted that pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**DOC & Parole Board**

Defendants initially assert that because they are agencies of the Commonwealth of Pennsylvania the DOC and Parole Board are not properly named defendants. See Doc. 12, p. 3.

The United States Supreme Court has ruled that a § 1983 action brought against a "State

3

and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has similarly concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

Pursuant to the above discussion, the DOC and Parole Board are clearly not properly named defendants in a § 1983 action and therefore are entitled to entry of dismissal.

**SCI-Coal Twp. & T.C. Program**

A liberal reading of the Complaint indicates that Plaintiff is also naming as Defendants SCI-Coal Twp. and/or the SCI-Coal Twp. T.C. Program. Defendants contend that those entities are likewise not properly named as Defendants in a § 1983 action.

As noted above, a state agency "is not a 'person' within the meaning of Section 1983." Thompson, 556 F.2d at 232. Similarly, a prison or correctional facility is not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.);

Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). The Court of Appeals in Fischer also recognized that a prison's medical department may not be sued under § 1983 since it is not a person. See Fischer 474 F.2d at 992; see also Stanley v. Delaware Co. Medical Dept., 1991 WL 29928 *1 (E.D. Pa. Feb. 27, 1991)(prison medical department clearly not a person for purposes of § 1983).

Pursuant to the above standards, SCI-Coal Twp. and the prison's T.C. program are clearly not persons and may not be sued under § 1983. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

**Eleventh Amendment**

Defendants next contend that the claims against Remaining Defendants Vivian and Chismar in their official capacities must also fail. See Doc. 12, p. 3.

As previously discussed, the Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages. Walker v. Beard, 244 Fed. Appx. 439, 440 (3d Cir. 2007); see also A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003). Likewise, suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency. Will, 491 U.S. at 70-71; Garden State Elec. Inspection Serv. v. Levin, 144 Fed. Appx. 247, 251 (3d Cir. 2005). As such, Martz's damage claims brought against Defendants Vivian and Chismar in their official capacities are considered to be against the state itself and are barred by the Eleventh Amendment.[2]

---

[2] To the extent that Plaintiff may be seeking injunctive and declaratory relief against Defendants Vivian and Chrismar in their official capacities, such requests are not barred by the
(continued...)

**First Amendment**

Defendants next seek dismissal on the basis that Plaintiff's claims under the Establishment Clause of the First Amendment should be dismissed because he was not coerced into participating in a religiously based treatment program since there a wholly secular alternative program. See Doc. 12, p. 5.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; ..." U.S. Const. Amend. I. It is undisputed that prisoners do not entirely forfeit all constitutional guarantees by reason of their conviction and confinement. Bell v. Wolfish, 441 U.S. 520, 545 (1979). Prisoners, as is well recognized, must be afforded "reasonable opportunities" to exercise their religious freedom guaranteed by the First Amendment. Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972).

However, imprisonment necessarily results in restrictions on some constitutional rights, including the First Amendment's right to the free exercise of religion. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). An inmate plaintiff must establish that he had a sincerely held belief which was religious in nature before the First Amendment free exercise protections are deemed applicable. Wisconsin v. Yoder, 406 U.S. 205, 215-19 (1972); Africa v. Pennsylvania, 662 F.2d 1025, 1029-30 (3d Cir. 1981). In order to establish a viable claim, a prisoner must likewise establish that he had a sincerely held religious belief and that a prison policy or official practice substantially burdened his exercise of those religious beliefs. A substantial burden is one where:

---

[2](...continued)
Eleventh Amendment. See Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).

6

(1) a prisoner is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning a precept of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs. Gould v. Beard, 2010 WL 845566 * 4-5 (W.D. Pa. 2010). Once a viable claim is asserted, the Government has the burden of demonstrating the burden furthers a compelling governmental interest and is the least restrictive means of doing so. See Washington v. Klem, 497 F.3d 272, 277-78 (3d Cir. 2007).

Defendants acknowledge that Martz "objected to the T.C. program, and did so on First Amendment grounds." Doc. 12, p. 6. There is no contention by Defendants that Plaintiff's religious beliefs were not sincerely held.[3] Their argument for dismissal solely contends that because the Complaint acknowledges that there was an alternative available program, a viable Fist Amendment claims has not been stated.

Based upon a careful review of the Complaint, Martz acknowledges that he was informed by Defendant Chismar that "a secular program would be made available to him within the T.C. itself; whereby he would be permitted to remove himself at the mention of God, taking his books to study secularly on the other side of the room." Doc. 1, p. 5. However, Plaintiff alleges that "[t]he book or books Miss Chismar intends he study secularly on the other side of the room" are "permeated with references to God and spirituality" which would preclude him from being able to adequately participate in the T.C. program. Id. at p. 5-6. In light of the liberal treatment afforded to pro se filings, it is apparent that Plaintiff is alleging that participation in either the T.C. program or the secular alternative suggested by Chismar would violate his rights

---

[3] It is noted that the Complaint does not clearly identify the Plaintiff's religious beliefs other then to indicate that they conflict with the T.C. program.

7

under the First Amendment.

Accordingly, under the standards developed in Gould, Defendants' argument that the Complaint's acknowledgment of a secular alternative defeats Martz's First Amendment claim is not persuasive. Plaintiff's allegation that both the T.C. program and secular alternative infringed upon his religious beliefs is sufficient to withstand scrutiny under Rule 12(b)(6). The request for dismissal of Martz's First Amendment claim will be denied.

**Access to the Courts**

Inmates have a constitutional right of meaningful access to the law libraries, legal materials, or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). In Lewis v. Casey, 518 U.S. 343, 351-54 (1996), the Supreme Court clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

Plaintiff alleges that Defendant Vivian enacted a policy which limited T.C. participants to two hours per week of access to the prison law library. The Complaint indicates that the policy attributed to Defendant Vivian violated Plaintiff's right of access to the courts. Since the pending motion to dismiss does not address this contention, Martz's access to the court claim will proceed.[4]

**Qualified Immunity**

Defendants' final argument asserts that Defendants Vivian and Chismar are entitled to qualified immunity. Qualified immunity is an affirmative defense which must be pleaded by the

---

[4] The pending motion to dismiss also does not specifically address Plaintiff's claim that requiring to participate in the T.C. program is contrary to the terms of his sentence.

defendant official. Verney v. Pennsylvania Turnpike Comm'n, 881 F. Supp. 145, 149 (M.D. Pa. 1995). In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the United States Supreme Court held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818; Sherwood v. Mulvihill, 113 F.3d 396, 398-99 (3d Cir. 1997); Showers v. Spangler, 957 F. Supp. 584, 589 (M.D. Pa. 1997). It has also been held that "qualified immunity is coextensive for suits brought against state officials under 42 U.S.C. § 1983 (1982), and for suits brought directly under the Constitution against federal officials." People of Three Mile Island v. Nuclear Regulatory Commissioners, 747 F.2d 139, 144 n.9 (3d Cir. 1984) (citing Butz v. Economou, 438 U.S. 478, 504 (1978)).

The United States Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001), subsequently established a two part test for analyzing qualified immunity claims. See also Curley v. Klem, 298 F.3d 271 (3d Cir. 2002); Bennett v. Murphy, 274 F.3d 133 (3d Cir. 2002). The initial inquiry in a qualified immunity examination is whether "the facts taken in the light most favorable to the plaintiff show a constitutional violation." Bennett, 274 F.3d at 136. The second prong requires a determination as to whether the constitutional right at issue was clearly established. If so, then a court must inquire as to "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 201. A determination that the conduct violated a clearly established constitutional right precludes the granting of qualified immunity.

With respect to the first prong of Saucier, this Court has already concluded that viewing the facts in a light most favorable to the Plaintiff, it could be determined that the allegations

raised against Remaining Defendants Vivian and Chismar could establish viable claims of constitutional violations. Accordingly, the Defendants argument of no constitutional violations lacks arguable merit.

In regards to the second prong of Saucier, "a right is clearly established if it would be clear to a reasonable officer that the conduct was unlawful in the situation he confronted." Jones v. City of Jersey City, 2002 WL 1877036 *1 (3d Cir. 2002). Courts considering a request for qualified immunity must ask if a reasonable officer would have understood that his actions were prohibited. Bennett, 274 F.3d at 136. Under the standards developed in Jones and Bennett, it must be shown that the correctional official knew the constitutional right existed, ignored the right, and deliberately acted in violation of that right.

The constitutional protections at issue, namely that prisoners must be provided with access to the court and religious freedom are well established and that any reasonable correctional staff member would have understood that the conduct as alleged by the Complaint may be constitutionally improper. Accordingly, the Remaining Defendants' request for qualified immunity will be denied.

**Conclusion**

Based upon the determinations set forth herein, the following Defendants have been dismissed from this action: SCI-Coal Twp.; the SCI-Coal Twp. T.C. program, the Pennsylvania Department of Corrections; and the Pennsylvania Department of Probation and Parole. In addition, the claims against defendants Mike Vivian and Linda Chismar in their official capacities will be dismissed.

The claims that Remaining Defendants Vivian and Chismar violated Plaintiff's rights

under the Establishment Clause of the First Amendment, his right of access to the courts, and the terms of his criminal sentence will proceed.  An appropriate Order will enter.

                                      **BY THE COURT:**

                                      <u>**s/James M. Munley**</u>
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

**DATED: FEBRUARY 8, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN MARTZ, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:11-CV-830 |
| SCI-COAL TWP. THERAPEUTIC COMMUNITY, et al., | : (Judge Munley) |
| Defendants | : |

## ORDER

AND NOW, to wit, this 8th day of February, 2012, for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss (Doc. 11) Plaintiff's Complaint is **GRANTED IN PART.**

2. Dismissal is **GRANTED** in favor of Defendants SCI-Coal Twp.; the SCI-Coal Twp. T.C. program, the Pennsylvania Department of Corrections; and the Pennsylvania Department of Probation and Parole.

3. The claims against Remaining Defendants Mike Vivian and Linda Chismar in their individual capacities will proceed.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court